# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| JOHNNY BRINSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CV411-254 |
| OFFICER RUBEN COLON, | ) ) ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Before the Court is Johnny Brinson's 42 U.S.C. § 1983 civil rights complaint. (Doc. 1.) The Court granted him leave to proceed in forma pauperis on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form. (Doc. 4.) He has returned the two forms, so the case is ready to proceed.[1] (Docs. 11 & 13.)

The Prison Litigation Reform Act requires federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate

---

[1] The forms were late, but the Court accepted his explanation for their tardiness. (Doc. 10.)

dismissal as frivolous, malicious, or legally insufficient. 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief); 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions"). The Court will therefore examine the complaint to determine whether it states a colorable claim for relief.

Brinson claims that he was "falsely" and "illegally" arrested without a warrant and then searched after someone he didn't know falsely accused him of committing two crimes, both of which had occurred outside of the presence of the arresting officer. (Doc. 1 at 5.) Presumably, defendant Ruben Colon was the arresting officer, but he is never mentioned in the body of Brinson's complaint. (*Id.*) Brinson nevertheless requests nominal, compensatory, and punitive damages from him. (*Id.* at 6.)

The Fourth Amendment prohibits "unreasonable . . . seizures," and thus a law enforcement officer who abuses his state authority by conducting a warrantless arrest without probable cause is subject to civil

2

liability under 42 U.S.C. § 1983. *See Ortega v. Christian*, 85 F.3d 1521, 1525 (11th Cir. 1996) ("A warrantless arrest without probable cause violates the Fourth Amendment and forms a basis of a section 1983 claim."); *Marx v. Gumbinner*, 905 F.2d 1503, 1505-06 (11th Cir. 1990); *Herren v. Bowyer*, 850 F.2d 1543, 1547 (11th Cir. 1988) ("The law is 'clearly established' that an arrest without a warrant or probable cause to believe a crime has been committed violates the fourth amendment"); *Von Stein v. Brescher*, 904 F.2d 572, 578 (11th Cir. 1990) (violation of the Fourth Amendment right not to be arrested without probable cause gives rise to a claim for damages under § 1983).

A false arrest claim accrues immediately after the unlawful arrest or seizure, and such a wrongful detention or seizure is actionable under the Fourth Amendment regardless of the outcome of any subsequent criminal prosecution. *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 896 (7th Cir. 2001); *Mortgomery v. DeSimone*, 159 F.3d 120, 126 n.5 (2nd Cir. 1998); *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995); *Marx*, 905 F.2d at 1507; *Parrish v. City of Opp*, 898 F. Supp. 839, 843 (M.D. Ala. 1995). Brinson, however, has not alleged that the arresting

officer lacked probable cause, much less offered any facts supporting such a claim.² In fact, he admits that the officer arrested him based upon the allegations of a third party who stated that Brinson had hit Charles Newsome on the head with a revolver and had stolen a radio and CDs from a nearby residence. (Doc. 1 at 5.) His conclusory assertion that the accusation was false is not enough. Even a false accusation can give rise to probable cause under the right circumstances. Hence, something more is required. If, for instance, the "stolen" items or revolver were not on Brinson's person, or if the officer had some other reason to disbelieve the accusation, his claim would be stronger. Brinson has not offered any such facts. Accordingly, his complaint fails to state a claim for relief.

---

² Pro se pleadings are held "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Sec'y for Dep't of Corr.*, 304 F. App'x 848, 849 (11th Cir. 2008), but a "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007) (quotations omitted). Hence, "'the plaintiff's factual allegations, when assumed to be true, must be enough to raise a right to relief above the speculative level.'" *United Technologies Corp. v. Mazer*, 556 F.3d 1260, 1270 (11th Cir. 2009) (quoting *Twombly*, 127 S. Ct. at 1964-65). That means the Court cannot simply "fill in the blanks" for him. *See Bivens v. Roberts*, 2009 WL 411527 at *3 (S.D. Ga. Feb. 18, 2009) ("judges must not raise issues and arguments on plaintiffs' behalf, but may only construe pleadings liberally given the linguistic imprecision that untrained legal minds sometimes employ") (citing *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008)).

Plaintiff's complaint should be **DISMISSED**. His motion to appoint counsel (doc. 12) is also **DENIED** as this case is without merit. Meanwhile, Brinson must pay for filing this lawsuit. Based upon his furnished information, he does not owe an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula) (emphasis added). His custodian, however, shall set aside 20 percent of all future deposits to the account, then forward those funds to the Clerk each time the set aside amount reaches $10, until the balance of the Court's $350 filing fee has been paid in full. In the event plaintiff is transferred to another institution, plaintiff's present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from the plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this Order.

A copy of this Order and a copy of the Consent to Collection of Fees from Trust Account shall be served upon plaintiff and his current custodian. The payment portion of this Order is to be implemented

5

immediately, as it is not subject to the adoption provision of Fed. R. Civ. P. 72(b).

**SO REPORTED AND RECOMMENDED** this __26th__ day of March, 2012.

_/s/ G. R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA